UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

DARREN MILLER,

                      Defendant.



No. 18-cr-373-10 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

    Defendant Darren Miller moves for bail pending his sentencing in light of the ongoing COVID-19 pandemic. (Doc. No. 656 ("Miller Ltr.").) The government opposes that motion. (Doc. No. 664 ("Gov't Ltr.").) For the reasons set forth below, Miller's motion is DENIED.

    This is Miller's second request for bail. He originally sought bail in July 2018. After considering (i) the severity of Miller's alleged crime, (ii) Miller's past use of false identities, (iii) Miller's recent history of international travel and ties outside of the state, and (iv) his criminal history, the Court ultimately determined that he posed a significant flight risk and ordered that he be detained. (Doc. No. 96 at 26–27.)

    Since then, Miller has pleaded guilty, pursuant to a plea agreement with the government, to one count of conspiring to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (Doc. No. 382.) Miller now faces a mandatory minimum term of imprisonment of five years and a maximum term of imprisonment of 40 years. The Probation Office has concluded that his Guidelines range is 78 to 97 months. (Presentence Investigation Report ¶ 112 ("PSR").) Miller is currently housed at the Metropolitan Correctional Center in Manhattan. (*Id.* ¶ 8.)

On April 9, 2020, Miller requested bail pending his sentencing under 18 U.S.C. § 3142(i). (Miller Ltr. at 1.) As section 3142(i) applies to defendants "pending trial" – not those, like Miller, who have already been convicted – the Court has interpreted his motion as one for relief under 18 U.S.C. § 3145(c). *See United States v. McDuffie*, No. 19-cr-212 (VEC), 2020 WL 1659879, at *1 (S.D.N.Y. Apr. 3, 2020). The government opposes Miller's motion, arguing that he is both a flight risk and a danger to the community, and that the current pandemic does not warrant such extraordinary relief. (Gov't Ltr. at 3–9.)

Under 18 U.S.C. § 3145(c), Miller may be released on bail only if he is neither a flight risk nor a danger to the community, and "it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c); *see United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004). Only if all three showings are made is a defendant eligible for bail under section 3145(c). Here, the Court need not reach whether COVID-19 presents "exceptional" circumstances because it concludes that Miller is both a flight risk and a danger to the community.

First, just as it did during his initial bail hearing, the record indicates that Miller poses a substantial flight risk. For starters, Miller has displayed no hesitation in flouting court-imposed conditions in the past: he has three times before had his parole revoked (PSR ¶¶ 62–64). *See United States v. Brennerman*, 705 F. App'x 13, 14 (2d Cir. 2017) (noting that a history of "disregard[ing] court orders" suggests that a defendant poses a flight risk); *United States v. Green*, No. 12-cr-83S (HBS), 2014 WL 2573325, at *2–3 (W.D.N.Y. June 9, 2014) (concluding that the defendant was a flight risk based, in part, on prior parole violations). Moreover, Miller has a history of using fraudulent identities (PSR ¶ 66). *See Brennerman*, 705 F. App'x at 14 (stating that a defendant's use of false identities, among other things, "amply supported" the denial of bail);

2

*United States v. Hollender*, 162 F. Supp. 2d 261, 267 n.3 (S.D.N.Y. 2001) (acknowledging that evidence that a defendant has used false identities suggests that they may pose a flight risk). And Miller is now facing a minimum sentence of five years, a sentencing guidelines range of 78 to 97 months' imprisonment, and the certainty of lengthy incarceration given that he has already pleaded guilty to a serious felony. *See United States v. Blanco*, 570 F. App'x 76, 77 (2d Cir. 2014) (recognizing that "a mandatory minimum prison sentence of five years [and] a possible maximum sentencing of 40 years . . . provid[es] [a defendant] with a strong motive to flee"). To top it all off, Miller has significant ties to both North Carolina and the Dominican Republic (Doc. No. 96 at 27:6–10). *See Brennerman*, 705 F. App'x at 14 (concluding that ties outside of the state support a finding of flight). Accordingly, the Court sees no reason to deviate from its prior determination that Miller would present a significant risk of flight if released.

Second, the Court believes that Miller would also pose a danger to the community if released. Miller has a significant criminal history, including multiple convictions for robbery, one of which involved the use of what appeared to be a pistol. (PSR ¶¶ 62–63.) In addition, Miller has an extensive history of drug dealing. Indeed, prior to the instant felony, Miller sustained two felony drug trafficking convictions in the span of six years, indicating that he was not deterred by punishment and that there is a risk that he will resume such activity if he were to be released (*Id.* ¶¶ 64–65). *See United States v. English*, 629 F.3d 311, 322 (2d Cir. 2011) (acknowledging that bail was properly denied where "electronic monitoring did not eliminate the danger that [the defendant] would 'engage in further sale of narcotics' by telephone with a willing collaborator"); *United States v. Landji*, No. 18-cr-601 (PGG), 2020 WL 1674070, at *4 (S.D.N.Y. Apr. 5, 2020) (concluding that defendant's involvement in a "large-scale drug trafficking organization" rendered

him a "danger to the community"). That risk is compounded given Miller's past willingness to violate court orders. (PSR ¶¶ 62–64.)

Thus, while the Court sympathizes with Miller's desire to be released from custody at this time, the fact remains that the requirements of sections 3143(a)(1) and 3145(c) compel his continued detention. Accordingly, IT IS HEREBY ORDERED THAT Miller's motion for bail pending sentencing is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at document number 656.

SO ORDERED.

Dated:   April 17, 2020
         New York, New York

                                          RICHARD J. SULLIVAN
                                          UNITED STATES CIRCUIT JUDGE
                                          Sitting by Designation